THOMAS A. TWEEDDALE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tweeddale v. Commissioner
Docket No. 12586-84.
United States Tax Court
T.C. Memo 1987-197; 1987 Tax Ct. Memo LEXIS 189; 53 T.C.M. (CCH) 608; T.C.M. (RIA) 87197; April 13, 1987. Thomas A. Tweeddale, pro se. James E. Polk, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax, as follows: Addition to Tax
Addition to Tax
Year
Deficiency
Section 6653(a) [1]
Section 6653(a)(1)
1978
$21,326.01
$1,066.30
1979
31,304.60
1,565.23
1980
37,331.53
1,866.58
1981
34,725.37
1,736.27
*190 The issues for decision are: (1) whether petitioner is liable for income tax on remuneration from employment as an airline pilot, and (2) whether petitioner is liable for additions to tax for negligence under section 6653(a) and (a)(1). FINDINGS OF FACT Petitioner, Thomas A. Tweeddale, resided in Denton, Texas, at the time he filed the petition herein. During the years in question, petitioner was a pilot for Braniff Airlines, receiving a salary for services rendered as follows: 1978
$55,072.60
1979
73,000.08
1980
82,170.64
1981
78,812.58
Petitioner filed returns but claimed offsets against income equal to the amount reported. Petitioner testified that he is "directed by his God to function as a minister and to use all of his resources to that end." Accordingly, he contends that "remuneration from his employment as a pilot belongs first to the Lord and second to his immediate obligations to his family." Petitioner failed to respond to respondent's request *191 for admissions which were timely mailed to him. At the trial of this case, petitioner read a prepared speech and refused to answer questions, asserting his Fifth Amendment privilege against self-incrimination. OPINION The income which gave rise to respondent's determination of the deficiencies herein was earned by petitioner from his employment as a pilot with Braniff Airlines. Petitioner provided no evidence (other than his assertion that his wages belong to God) that is even remotely relevant to the issues herein. Petitioner did not attempt to refute respondent's determination that he received wages from Braniff Airlines in the amounts of $55,072.60, $73,000.00, $82,170.64, and $78,812.58 for the years 1978, 1979, 1980, and 1981, respectively, and that he exercised complete dominion and control over those wages. Compensation for services constitutes income subject to taxation by the person performing the services even if the services are rendered to a third party for the benefit of a religious or charitable organization. Section 61(a)(1); section 1.61-2, Income Tax Regs.; McGahen v. Commissioner,76 T.C. 468, 478-479 (1981), affd. without published opinion *192 720 F.2d 664 (3d Cir. 1983). Thus, we conclude that petitioner should have included in income, without offsets, the wages received from Braniff Airlines. We now turn to whether petitioner is entitled to a charitable contribution deduction under section 170(c). Petitioner refused to testify, claiming his Fifth Amendment privilege. At the outset we note: (1) the Fifth Amendment privilege does not preclude us from drawing inferences adverse to petitioner, Dellacroce v. Commissioner,83 T.C. 269, 285 (1984), and (2) petitioner bears the burden of proving his entitlement to the claimed deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Since petitioner failed to carry his burden of proof, he is not entitled to any charitable contribution deductions under section 170(c). Finally, we turn to the negligence issue. Petitioner again bears the burden of proving that no part of his underpayment was due to negligence or intentional disregard of the rules and regulations. Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner knowingly filed returns claiming offsets against income which reduced his taxable *193 income to zero. Petitioner appeared to us to be an intelligent adult; indeed, as a commercial airline pilot, he occupies a highly responsible position. In our opinion, petitioner was fully aware of his obligations and course of action required by the taxing statutes; he deliberately chose to disregard the rules and regulations with respect to the income tax. Therefore, respondent's determination that petitioner is liable for additions to tax under section 6653(a) and 6653(a)(1) for each year involved is sustained. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩